Rockingham
No. 78-107

THE STATE OF NEW HAMPSHIRE

v.

JOHN RADFORD

October 30, 1978

*Thomas D. Rath*, attorney general (*Richard B. Michaud* orally), for the State.

*Michael & Jones*, of Rochester (*Danford J. Wensley* orally), for the defendant.

BROCK, J. Appeal from an order of the Superior Court (*Goode*, J.) committing the defendant John Radford to the New Hampshire State Hospital under RSA 651:9. The defendant was indicted by the Rockingham County grand jury in September 1977 on a charge of attempted robbery of the Indian Head Bank in Derry. The State certified its acceptance of defendant's plea of not guilty by reason of insanity to the court, and on October 20, 1977, a hearing was held pursuant to RSA 651:9 to determine the question of dangerousness.

The trial court found "that the defendant is not of a condition to pose any danger to himself or to the community-at-large, provided he obtains outpatient psychiatric treatment," and ordered the defendant to participate in a program of psychiatric care at the Salem Mental Health Clinic for one year. In January 1978, the State, responding to a letter from the clinic, filed a "Motion to Redetermine Dangerousness." The hearing on that motion, conducted in the manner of a parole revocation hearing, focused solely on whether the defendant was then receiving outpatient treatment as required by the court's order of October 20. The trial court, finding that defendant was not receiving outpatient treatment, further found that "in the absence of treatment it will be dangerous for the defendant to go at large," and committed him to the State hospital where he has been confined since.

The defendant urges us to read the trial court's October 1977 finding literally as a determination that the defendant was not dangerous. Since no additional evidence as to dangerousness was offered at the second hearing, the State under this interpretation would have no authority to commit the defendant to the State hospital. *O'Connor v. Donaldson*, 422 U.S. 563 (1975). We believe the more realistic

reading of the trial court's findings in both October and January is that the defendant was dangerous within the meaning of the statute unless he was under psychiatric treatment and supervision. Once the threshold determination has been made that a person is "dangerous" within the meaning of RSA 651:9 and is to be committed pursuant thereto, the trial court has the authority to order the person released provided certain terms and conditions are met. *See* RSA 135:29. These statutes provide for flexibility in methods of treating mental illness while protecting the public from future harm. *State v. Piasecny*, 108 N.H. 216, 231 A.2d 620 (1967); *see State v. Hesse*, 117 N.H. 329, 373 A.2d 345 (1977).

█ █ Criminal commitment to the State hospital is a sufficiently grievous loss of liberty that the State must prove beyond a reasonable doubt that the person so confined is dangerous. *Novosel v. Helgemoe*, 118 N.H. 115, 384 A.2d 124 (1978); *State v. Gregoire*, 118 N.H. 140, 384 A.2d 132 (1978); Comment, 11 Harv. Civ. Rights Civ. Lib. L. Rev. 390, 428–30 (1976). We are unable to determine from the record before us whether that burden was sustained either at the orginal hearing or at the second hearing. To protect both the defendant's rights and the public welfare our order is:

> *Defendant to be released unless it is determined at a recommittal hearing to be held within 30 days from the date of this opinion that he is presently dangerous beyond a reasonable doubt.*

All concurred.